In The United States District Court
For The
District Of Maryland

U.S. Of America
   Plaintiff,

  - VS -             Cr. # 09-478

Savino Brapton
   Defendant, /

RECEIVED
IN THE CHAMBERS OF
RICHARD D. BENNETT
DEC 0 5 2012
UNITED STATES DISTRICT COURT

### Brapton's Supplement To Motion Objecting To Government's §851 Filing

Comes Now, Savino Brapton, Pro Se, Defendant and respectfully submit the foregoing supplement to his objections to the Government's §851 filing, and states for the following reasons:

1.) This supplement follows the Government's November 19, 2012 §851

filing, and Blayton's November 27, 2012 objections in reply to the proceeding.

2.) In his earlier objections, Blayton asserts, inter alia, that the Government's pursuit of a sentence enhancement under §851 constitutes a "presumption of vindictiveness."

3.) In the foregoing supplement, however, Blayton further asserts that the Government's conduct demonstrates "actual prosecutorial vindictiveness" in its pursuit of a sentence enhancement under §851.

4.) In U.S. v. Wilson, 262 F.3d 305 (4th Cir. 2001), the Court held that to establish "actual prosecutorial vindictiveness" the defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant, and (2) the

defendant would not have been prosecuted but for the animus. id. at 314.

5.) Wilson recognize that if the defendant cannot demonstrate such animus, he or she may still present evidence of "circumstances from which an improper vindictive motive maybe presumed." id.

6.) Blayton clearly points out that the Government "acted with genuine animus" toward him. Mr. Suminelli's November 15, 2012 letter confirmed that the Government's §851 notice comes as a result of its distaste for Blayton's "Pro Se" filings. This was an act of genuine animus. It can be presumed that if Blayton never filed the Pro Se petitions, the Government would have never file the §851 notice.

7.) In addition, the timing of the §851 filing, again after the filing of Blapton's Pro Se Petitions, and after Blapton appeared to have rejected prior plea negotiations clearly support Blapton new claim of "actual prosecutorial vindictiveness."

8.) Blapton admits that even if he have not demonstrated the required animus set out in Wilson, supra, he has presented through Mr. Suminelli's letter, "evidence of circumstances" from which an improper vindictive motive maybe presume, and this Court should recognize it, respectively.

9.) Moreover, without a presumption of vindictiveness, a defendant must alleged the following facts to make out a "Prima facie" case of vindictive prosecution: (1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness

- 4 -

of the Prosecution conduct; and (4) intent to punish the Defendant for the exercise of that right. U.S. v. Suarez, 263 F.3d 468 (6th Cir. 2001)

10.) Beayton has a protected right to file a "pro se" petition for new Counsel under the Constitution, especially if his current Counsel is ineffective and there's a conflict of interest. He also has a protected right to proceed to trial under the Constitution if he choose to. Thus, the Government's conduct is unreasonable under these circumstances, and it's §851 filing should be rejected by the Court.

11.) Finally, Beayton contends that he denies the prior conviction on which the Government relies upon to enhance his sentence under §851.

## Conclusion

Wherefore premises are considered, Bralton pray that the foregoing relief sought is hereby granted, respectfully.

Respectfully Submitted

Savino Bralton

## Certificate Of Service

I hereby certify that on this 30th day of November, 2012 true copies of the foregoing was mailed to the U.S. District Court at Baltimore.

Respectfully Submitted

Savino Bralton
F09383/CDP
401 E. Madison St.
Balto, MD. 21202

-6-