**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO. JKB-09-478 |
| **SAVINO BRAXTON,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Now pending before the Court on remand from the U.S. Court of Appeals for the Fourth Circuit are Savino Braxton's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 224) and Motion to Place 2255 Proceeding in Abeyance (ECF No. 263). The Court previously denied both motions (ECF No. 265), and for the reasons set forth below, the Court again denies both motions. No hearing is required, since "the motion and the files and the records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Local Rule 105.6 (D. Md. 2018).

*I.     Background*

The procedural history and facts set forth in the Court's prior Memorandum Opinion (ECF No. 181) are incorporated by reference and repeated as necessary to provide context and to resolve the pending motions. On February 11, 2013, Mr. Braxton pleaded guilty to possession with intent to distribute more than one kilogram of heroin. (ECF Nos. 62, 63.) Judge Richard D. Bennett then sentenced Mr. Braxton to 138 months in prison and five years of supervised release. (ECF Nos. 70, 71.) On April 29, 2015, the Fourth Circuit vacated Mr. Braxton's guilty plea based on a violation of Federal Rule of Criminal Procedure 11. (ECF No. 95.)

Following remand, the government filed a notice of enhanced sentence pursuant to 21 U.S.C. § 851, subjecting Mr. Braxton to a potential mandatory minimum of 240 months of imprisonment if convicted. (ECF No. 100.) Mr. Braxton's decided to proceed to trial and moved for leave to represent himself. (ECF No 115.) The Court granted the motion (ECF No. 120), and trial commenced in July of 2015. Mr. Braxton was found guilty of one count of possession with intent to distribute more than a kilogram of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841. (ECF No. 158.) Mr. Braxton moved for a new trial, and the Court denied that motion. (ECF Nos. 181, 182, 186.) The Court then sentenced Mr. Braxton to the mandatory minimum sentence of 240 months of incarceration. (ECF No. 190.)

Mr. Braxton appealed, challenging (1) the government's destruction of the drug evidence prior to trial, (2) the government's decision to file the 21 U.S.C. § 851 notice, and (3) the Court's decision to convict Mr. Braxton of contempt. *See United States v. Braxton*, 663 F. App'x 253 (4th Cir. 2016). The Fourth Circuit affirmed. *See id*. Mr. Braxton then filed a petition for writ of error coram nobis challenging the § 851 notice, which the Court dismissed on December 14, 2017. *See Braxton v. United States*, Civ. No. JKB-17-601, 2017 WL 6388573 (D. Md. Dec. 14, 2017), *aff'd*, 721 F. App'x 294 (4th Cir. 2018).

On December 19, 2017, Mr. Braxton filed his pending motion to vacate pursuant to 28 U.S.C. § 2255. (ECF No. 224.) Mr. Braxton has also filed a number of memoranda in support of his motion. (ECF Nos. 223-1, 232, 239, 262, 264.) The government opposed the motion. (ECF No. 258.) On December 26, 2018, Mr. Braxton moved for an order placing his § 2255 proceeding "in abeyance pending the outcome of the status of the 'interrogatories' he served on Juror # 2." (ECF No. 263.) The Court denied both the motion to vacate and the motion to place the proceeding in abeyance on January 4, 2019. (ECF No. 265.) Mr. Braxton appealed, and the Fourth Circuit

remanded "for the limited purpose of entering an opinion and order enumerating each of the Appellant's claims and explaining why each such claim does not entitle Appellant to relief." (ECF No. 297.)  The Court issues this memorandum in accordance with that instruction.

## II.     Legal Standard

Section 2255 allows a federal prisoner to move to set aside a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Procedurally, if "a claim could have been raised on direct appeal, and was not, the general rule is that 'claims not raised on direct appeal may not be raised on collateral review[.]'" *Jones v. United States*, Crim. No. DKC-14-0176, 2018 WL 1069438, at *2 (D. Md. Feb. 27, 2018) (alterations in original) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).  Further, a petitioner "cannot 'circumvent a proper ruling on direct appeal by re-raising the same challenge in a § 2255 motion.'" *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009) (alteration omitted)).  The petitioner in a Section 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  A court need not hold a hearing on a Section 2255 motion where, as here, "the motion and the files and the records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### III. Analysis

Mr. Braxton's claims essentially fall into three categories: allegations of (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) errors on the part of the Court. None of Mr. Braxton's claims provide any basis for relief under Section 2255.

#### A. Ineffective Assistance of Counsel

Mr. Braxton alleges that two of the attorneys who represented him, Andrew Szekely, Esq., and Steven Levin, Esq., provided ineffective assistance. To prove ineffective assistance of counsel, a petitioner must establish: (1) that counsel's representation fell below "an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688–94. Mr. Braxton fails to establish either prong with regards to either attorney.

##### 1. Mr. Szekely

Mr. Szekely represented Mr. Braxton in his successful appeal of his guilty plea. Mr. Szekely also represented Mr. Braxton in relation to pre-trial matters until the Court granted Mr. Braxton's motion to proceed *pro se*, after which Mr. Szekely stayed on as standby counsel through trial. Mr. Braxton raises two issues with Mr. Szekely's representation. First, Mr. Braxton claims that Mr. Szekely raised the successful Rule 11 challenge to Mr. Braxton's guilty plea against his wishes, without informing Mr. Braxton of the potential dangers he faced at trial. (Mem. Supp. at 33–34, ECF No. 223-1.) Second, Mr. Braxton complains that as standby counsel, Mr. Szekely failed to subpoena a forensic chemist to testify on Mr. Braxton's behalf at trial. (*Id*. at 34–35.)

Neither allegation supports a finding of ineffective assistance. Regarding Mr. Szekely's appellate representation, the Court has already held a hearing on this claim and found Mr.

Szekely's conduct appropriate. (*See* 11/3/15 Hrg. Tr., ECF No. 203.) The record shows that Mr. Braxton was fully informed of the dangers he would face on remand, decided he wished to pursue his appeal of the guilty plea regardless, and agreed to raise the Rule 11 argument. (*See id.*; 7/20/15 Trial Tr. at 18, ECF No. 206.) Regarding Mr. Szekely's performance as standby counsel, the record reflects that Mr. Szekely properly served both of the subpoenas he was directed to serve (*see* 7/10/15 Hrg Tr. at 48–49, ECF No. 131) and that he was never instructed to subpoena a chemistry expert (*see* 7/20/15 Trial Tr. at 112–13; 7/21/15 Trial Tr. at 223–25, ECF No. 207). At any rate, there is no indication that subpoenaing a forensic chemist would have aided Mr. Braxton.

### 2. Mr. Levin

Mr. Levin represented Mr. Braxton in his appeal of his conviction at trial. Mr. Braxton claims that Mr. Levin provide ineffective appellate assistance because he failed to raise every claim of error identified by Mr. Braxton, instead choosing to focus on those arguments he deemed strongest. (Mem. Supp. at 35–36.) "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quotations omitted); *see also Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000). Mr. Levin's decision to home in on Mr. Braxton's three strongest arguments was entirely appropriate. Furthermore, none of the arguments Mr. Levin declined to pursue were meritorious, and the outcome of the appeal would have been no different if Mr. Levin had raised them.

### B. Prosecutorial Misconduct

Mr. Braxton alleges that the government—and specifically AUSA Jack Purcell—committed prosecutorial misconduct by: (1) using "perjured testimony" and committing "fraud" during a *Brady* hearing; (2) noting during its opening statement that the jury would not be permitted

5

to handle drugs and that Mr. Braxton was released on pretrial supervision following his arrest; and (3) noting during closing argument that Mr. Braxton had attempted to elicit the jury's sympathy and that Mr. Braxton had been given the opportunity to wear non-prison attire at trial.

To establish prosecutorial misconduct, a petitioner must demonstrate (1) that the prosecution's conduct was "improper," and (2) that the improper conduct prejudicially affected his "substantial rights so as to deprive [him] of a fair trial." *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993) (internal quotations omitted). A number of factors should be considered when evaluating the issue of prejudice, including: "(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *Id.* at 241 (internal quotations omitted). Procedurally, claims of prosecutorial misconduct not raised on direct appeal are defaulted. *See Jones*, 2018 WL 1069438, at *4 (citing *Pruett v. Thompson*, 996 F.2d 1560, 1565 (4th Cir. 1993)).

### *1. Use of Perjured Testimony and Fraud*

Mr. Braxton claims that the prosecution used perjured testimony and committed fraud in relation to its introduction during a *Brady* hearing of certain out-of-court statements made by Mr. Tuminelli—Mr. Braxton's counsel in the proceedings before Judge Bennett. (Mem. Supp. at 25–28.) This claim was not raised on direct appeal, and Mr. Braxton mischaracterizes the record. The prosecution introduced clarifying out-of-court statements to disprove Mr. Braxton's assertion that the government had withheld exculpatory evidence. (*See* 7/23/15 Trial Tr. at 76–87.) There is no indication of any impropriety.

### 2. *Opening Statement*

Mr. Braxton claims that the prosecution committed prosecutorial misconduct by noting during its opening statement that the drug evidence seized from Mr. Braxton had been destroyed and that regardless, the jury would not have been permitted to handle drug evidence. (Mem. Supp. at 28–30.) Mr. Braxton did not object to these statements at the time or on direct appeal, and the statements were neither improper nor prejudicial. (*See* 7/20/15 Trial Tr. at 68–75.)

Mr. Braxton also claims prosecutorial misconduct in relation to the prosecution's statement that after Mr. Braxton's arrest, Mr. Braxton was released on "supervised release." (Mem. Supp. at 30–31.) Mr. Braxton objected to the misstatement, the Court sustained the objection, and the government clarified that Mr. Braxton was released on "pre-trial supervision," not "supervised release." (7/20/15 Trial Tr. at 75–76.) The prosecution corrected its misstatement and the exchange was neither improper nor prejudicial.

### 3. *Closing Argument*

Mr. Braxton claims that the prosecution committed prosecutorial misconduct during closing argument by remarking on Mr. Braxton's attempts to elicit the jury's sympathy during his own closing and by noting that Mr. Braxton had made a strategic decision to wear his prison attire at trial. (Mem. Supp. at 31–32.) Mr. Braxton initially objected but withdrew his objection and did not raise the issue on appeal. (*See* 7/23/15 Trial Tr. at 106–07.) Mr. Braxton did repeatedly attempt to elicit the jury's sympathy during his own closing, and it was not improper or prejudicial for the prosecution to note as much. Likewise, the prosecution's reference to Mr. Braxton's attire was made to highlight his strategic effort to elicit sympathy, not to cast improper aspersions, and the remark did not endanger Mr. Braxton's right to a fair trial. (*Id.*)

### C. *Errors on the Part of the Court*

Mr. Braxton claims that the Court made a series of errors that collectively prevented him from presenting a defense and therefore resulted in the denial of due process. Though Mr. Braxton waived his right to pursue many of his claims of error by failing to raise them on direct appeal, the Court will address the substance of each. Mr. Braxton has not identified any substantive errors on the part of the Court, and certainly none that could justify a grant of relief under Section 2255.

#### 1. *Drug Weight Theory*

Mr. Braxton claims that the Court denied him the right to present his defense by precluding him from arguing that the water component of the heroin substance seized from him should have been excluded when determining the quantity of contraband pursuant to 21 U.S.C. § 841. (Mem. Supp. at 9–11, 14–16, 21.) Mr. Braxton did not raise this issue on appeal. The Court's finding that the mass of the entire heroin substance at the time Mr. Braxton possessed it was the relevant quantity under 21 U.S.C. § 841 was a correct application of clearly established law. *See, e.g., United States v. Singh*, 54 F.3d 1182, 1194 (4th Cir. 1995); *United States v. Davis*, 278 F. App'x 263, 265 (4th Cir. 2008). The Court permitted Mr. Braxton to contest the weight of the drugs seized from him, including in his examinations of the government's witnesses and during closing. (*See* 7/21/15 Trial Tr. at 214–15; 7/23/15 Trial Tr. at 95–102.) To the extent that the Court prevented Mr. Braxton from arguing a theory regarding the meaning of the term "mixture or substance containing a detectable amount of heroin" that is contrary to the law, that decision was not erroneous and did not deprive Mr. Braxton of due process. 21 U.S.C. § 841.

#### 2. *Denial of Right to Call Witnesses*

Mr. Braxton claims that the Court denied him the right to present his defense by preventing him from calling Judge Bennett and Mr. Tuminelli as witnesses. (Mem. Supp. at 11–14.) The

8

Court properly quashed Mr. Braxton's subpoena of Judge Bennett because it was clear that Judge Bennett had no relevant information to provide. (*See* 7/20/15 Trial Tr. at 86–88.) The Court allowed Mr. Braxton to subpoena Mr. Tuminelli, but excused Mr. Tuminelli when it became apparent that Mr. Braxton had no relevant, non-hearsay use for Mr. Tuminelli's testimony. (*See* 7/22/15 Trial Tr. at 93–103.) The Court did not deny Mr. Braxton the right to call any witnesses with relevant and admissible information.

### 3. *Mr. Braxton's Testimony*

Mr. Braxton claims that the Court violated Federal Rule of Evidence 611 and denied him due process by instructing him to testify in the narrative style. (Mem. Supp. at 17–19.) Federal Rule 611 provides a district court "reasonable control over the mode and order of examining witnesses." This includes control regarding how a *pro se* defendant testifies. *See United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014). The Court properly instructed Mr. Braxton to present his testimony in the narrative style, and Mr. Braxton did not object or request to present his testimony in a different manner. (*See* 7/23/15 Trial Tr. at 16.) There was no error.

### 4. *Government's Testimony Regarding Heroin Pellets*

Mr. Braxton claims that the Court erred by allowing the government to present testimony regarding the significance of the pellet form of the heroin that was seized from Mr. Braxton. (Mem. Supp. at 21.) It was the government's contention that the form of the heroin was indicative of Mr. Braxton's intent to distribute. As such, it was appropriate for the government to present testimony on the issue. The Court did not error in allowing the government to do so.

### 5. *Voir Dire of Juror No. 2*

Mr. Braxton claims that the Court improperly failed to question Juror No. 2 after Juror No. 2 approached the courtroom deputy and expressed confusion related to Mr. Braxton's vacated

9

sentence.  (Mem. Supp. at 21; Reply Mem. at 5–10, ECF No. 262.)  Upon being informed of the incident by the courtroom deputy, the Court confirmed that the courtroom deputy had not provided a substantive response to the juror's question.  (*See* 7/21/15 Trial Tr. at 52–54.)  The Court then denied Mr. Braxton's request to interview Juror No. 2, explaining that the juror's confusion was the understandable result of Mr. Braxton's references to the vacated proceedings.  (*See id.*)  The Court's handling of the situation was entirely appropriate, as there was no evidence of external influence requiring additional investigation under *Remmer v. United States*, 347 U.S. 227 (1954).  Relatedly, Mr. Braxton has no right to propound interrogatories upon that former juror, and thus Mr. Braxton's Motion to Place 2255 Proceeding in Abeyance (ECF No. 263) is denied.

### *6. Cautionary Instruction*

Mr. Braxton claims that the Court improperly provided a cautionary instruction to the jury regarding the Fourth Circuit's decision to vacate Mr. Braxton's guilty plea.  (Mem. Supp. at 22.)  In his opening statement, Mr. Braxton referenced the Fourth Circuit's decision in a manner which could be interpreted as misleadingly implying that the decision to vacate was related to the weight of the drugs seized from him.  (*See* 7/20/15 Trial Tr. at 89.)  The Court instructed the jury to disregard any such implication.  (*See* 7/21/15 Trial Tr. at 6–7.)  The instruction was proper.

### *7. Failure to Remove Standby Counsel*

Mr. Braxton claims that the Court should have removed Mr. Szekely as standby counsel after Mr. Braxton accused him of revealing privileged material to the government.  (Mem. Supp. at 22.)  Mr. Braxton provided no evidence in support of his accusation, and the Court found that there was no breach of the attorney-client privilege and therefore no reason to remove Mr. Szekely.  (*See* 7/21/15 Trial Tr. at 43–51; Order Denying Mot. to Recuse, ECF No. 171.)  The Court's

decision was proper, and Defendant was not denied due process by receiving the benefit of experienced and skilled standby counsel.

### 8. Presentation of Physical Evidence

Mr. Braxton claims that the Court improperly allowed physical evidence, including drug paraphernalia, to be displayed during proceedings. (Mem. Supp. at 22.) Mr. Braxton provides no theory regarding why permitting the jury to view this admitted evidence was improper. The Court made no error.

### 9. Contempt Conviction

Mr. Braxton claims that the Court violated his due process rights by convicting him of contempt of court. (Mem. Supp. at 23.) This issue has already been litigated before the Fourth Circuit on direct appeal, and the Fourth Circuit upheld the contempt conviction.

### 10. Reply in Support of Motion for New Trial

Mr. Braxton claims that the Court denied him due process by depriving him of the opportunity to reply to the government's opposition to his motion for a new trial. (Mem. Supp. at 23.) Mr. Braxton mischaracterizes the record—Mr. Braxton did have the opportunity to file a reply brief but did not do so within the time period provided by Local Rule 105(2)(a). The Court did not commit an error by providing a timely ruling on Mr. Braxton's motion. At any rate, there are no arguments Mr. Braxton could have raised in a reply brief that would have led the Court to grant a new trial.

### 11. Opportunity to Object to § 851 Notice

Mr. Braxton claims that he was not given sufficient opportunity to challenge the government's 21 U.S.C. § 851 notice. (Mem. Supp. at 23.) Mr. Braxton did not raise this argument on direct appeal, and the Court has already rejected a very similar argument in relation to Mr.

Braxton's petition for writ of error coram nobis. *See Braxton v. United States*, Civ. No. JKB-17-601, 2017 WL 6388573 (D. Md. Dec. 14, 2017). Mr. Braxton had ample opportunity to contest the government's § 851 notice, and he in fact both moved to strike the notice (*see* ECF No. 110) and challenged the notice in his sentencing submissions (*see* ECF No. 179). Further, as explained in relation to the petition for writ of error coram nobis, the § 851 notice was substantively valid. There was no error or prejudice.

### *12. Sympathy Instruction*

Mr. Braxton claims that the Court improperly instructed the jury not to be swayed by sympathy. (Mem. Supp. at 31.) The Court's instruction that it would be "improper [for the jury] to be swayed by sympathy," was based on standard jury instructions and was an accurate statement of the law. (7/23/15 Trial Tr. at 117.) *See United States v. Noel*, 502 Fed. Appx. 284, 287–88 (4th Cir. 2012). There was no error.

### *13. Brady Violation*

Mr. Braxton claims that the Court erred when it found that the government did not violate *Brady* by failing to disclose certain emails between Mr. Tuminelli and the government. (First Addendum at 3–7, ECF No. 232.) The emails at issue were presented by the government during a *Brady* hearing held on the final day of trial. (*See* 7/23/15 Trial Tr. at 76–87.) Mr. Braxton claimed that Mr. Tuminelli reweighed the heroin mixture that had been seized from him, and he implied that the government had withheld evidence related to this exculpatory reweighing. (*Id*.) In the course of refuting Mr. Braxton's assertion, the government presented two emails the prosecution had exchanged with Mr. Tuminelli confirming that he never reweighed the drug evidence. (*Id*.) These emails were not exculpatory, and the Court's finding that the government did not commit a *Brady* violation was correct.

Mr. Braxton also claims that the Court violated his due process rights by admitting the emails into evidence and permitting the jury to review them. (First Addendum at 7–10.) The Court did not admit the emails into evidence—the Court examined them in the course of the *Brady* hearing, but they were never submitted to the jury or discussed in the jury's presence. (*See* 7/23/15 Trial Tr. at 86–87.) Mr. Braxton's claim is without factual basis.

### *14. Withdrawing Objection*

Mr. Braxton claims that the Court misled him into withdrawing his objection to the government's reference to Mr. Braxton's appeals for sympathy during his closing. (First Addendum at 10–11.) The record reflects that the Court did not mislead Mr. Braxton. (*See* 7/23/15 Trial Tr. at 107.) In any event, as discussed above, the objection was without merit.

### *15. Failure to Provide Transcript*

Mr. Braxton also claims that the Court and the government deprived him of his appellate rights by failing to provide his counsel and the Fourth Circuit with the July 23, 2015 trial transcript. (Mem. Supp. at 39–41.) The record reflects that the full trial transcript was timely filed on ECF and readily available to Mr. Braxton's counsel. (*See* ECF Nos. 131, 203, 206–10; First Addendum at 2.) Likewise, the record reflects that the Fourth Circuit received the relevant portions of the trial transcript in the Joint Appendix. *See* Appendix, *United States v. Braxton,* 663 F. App'x 253 (4th Cir. 2016) (No. 15-4458), ECF No. 53. Mr. Braxton's claim is without merit.

### IV.   *Conclusion*

The foregoing constitutes the "opinion" that the Court of Appeals ordered the undersigned to complete, "enumerating each of the Appellant's claims and explaining why each such claim does not entitle Appellant to relief." (ECF No. 297.) This memorandum is accompanied by an order reaffirming this Court's denial of all of Mr. Braxton's many claims.

DATED this 4th day of May, 2020.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge