IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NOs. JKB-09-478 |
|  |  | JKB-15-408 |
| SAVINO BRAXTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On August 11, 2020, this Court granted in part Defendant Savino Braxton's motions for compassionate release (ECF Nos. 309, 315).[1] (ECF No. 329.) Braxton has now filed a *pro se* Motion for Reconsideration of this Court's August 11, 2020 decision that reduced Braxton's sentence from 240 to 168 months. (Mot. Reconsideration, ECF No. 336; *see also* ECF No. 329 at 1.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Braxton's Motion for Reconsideration will be DENIED.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden

---

[1] Unless otherwise specified, citations to docket numbers refer to documents filed in *United States v. Braxton*, Crim. No. JKB-09-478.

1

of the defendant's facility, whichever is earlier." *Id.* As the Court previously noted, Braxton has satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A). (ECF No. 317-2.) Therefore, the Court may reconsider: (1) whether Braxton has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release

2

pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at \*2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at \*3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

This Court's August 11, 2020 decision was based on a lengthy consideration of whether Braxton's medical conditions establish an extraordinary and compelling reason for his compassionate release, and whether the § 3553(a) factors weigh in favor of Braxton's early release. (*See* ECF No. 329.) In the present Motion for Reconsideration, Braxton does not present any facts that give the Court cause to alter its prior decision.

The Court reiterates that Braxton does present extraordinary and compelling reasons for early release as a result of his medical conditions. (*See* ECF No. 329 at 5–7 for a thorough discussion of those conditions.) In his Motion for Reconsideration, Braxton does not allege that his medical conditions have worsened, but rather alleges that, due to the COVID-19 pandemic, he has been placed in a strict quarantine resembling solitary confinement on several occasions during the past year. (Mot. Reconsideration at 3–6.) The Court recognizes that the threat of reacquiring COVID-19 and the difficulty of solitary quarantine are undoubtedly challenging for Braxton, but neither of these factors affects Braxton's qualification for compassionate release—which the Court, regardless, already agreed Braxton has established.[2]

---

[2] Braxton also discusses what he perceives as drawbacks and risks associated with RNA-based COVID-19 vaccines. (Mot. Reconsideration at 10–12.) Given that the Court's August 11, 2020 decision preceded the advent of COVID-19 vaccines, the availability of vaccines played no role in the Court's decision to grant in part Braxton's Motion for Compassionate Release. Thus, Braxton's lengthy arguments about vaccines are misplaced.

3

Similarly, Braxton does not present facts that would alter the Court's thorough analysis of the § 3553(a) factors, as applied to the unique facts of Braxton's case. (*See* ECF No. 329 at 8–12 for the Court's application of the § 3553(a) factors to Braxton's circumstances.) After determining that Braxton does present extraordinary and compelling reasons for compassionate release due to his medical conditions, and considering the § 3553(a) factors at length, the Court concluded that a sentence reduction was warranted. (*Id.* at 10–12.) The Court discussed the rationale behind Braxton's existing 240-month sentence and determined that "the sentence that is sufficient but not more than necessary is a total 168 months of incarceration—the 138 months Judge Bennett initially imposed for the heroin conviction, plus an additional 24 months to account for Braxton's rejection of responsibility, followed by a consecutive 6 months for contempt." (*Id.* at 10–11.) The Court is heartened by Braxton's recent enrollment in a Residential Drug Abuse Program (*see* Mot. Reconsideration at 9), but this development does not alter the Court's §3553(a) analysis, as the Court's August 11, 2020 decision did not hinge upon Braxton's need for additional rehabilitation.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Braxton's legitimate concerns about his health and living situation. Braxton's Motion for Reconsideration, however, does not present new facts or legal arguments that alter the Court's carefully considered decision granting in part Braxton's earlier Motion for Compassionate Release. Braxton's Motion for Reconsideration of this Court's August 11, 2020 decision (ECF No. 336) is accordingly DENIED.

DATED this __16__ day of March, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge