IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-09-0478 |
| SAVINO BRAXTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

On August 11, 2021, this Court granted in part Defendant Savino Braxton's Motion for Compassionate Release (ECF Nos. 309, 315) and reduced Braxton's sentence to 162 months' imprisonment. (*See* ECF No. 335.) On August 23, 2021, Braxton filed a Motion for Reconsideration based on Newly Developed Evidence. (ECF No. 340.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2021). For the reasons set forth below, Braxton's Motion for Reconsideration will be DENIED.

As this Court has previously explained in detail (*see* ECF No. 335), motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

This Court's earlier decision granting compassionate release and reducing Braxton's sentence was based on a lengthy consideration of whether Braxton's medical conditions established an extraordinary and compelling reason for his compassionate release, and whether the § 3553(a) factors weighed in favor of a reduced sentence. (*See* ECF No. 335.) In the present

Motion to Reconsider, Braxton does not present facts that give the Court cause to alter its prior decision.

In his Motion, Braxton focuses on two developments since this Court's prior decision regarding compassionate release. First, Braxton explains that he has received a Multiple Myeloma diagnosis, which has required him to be referred to an outside doctor at a local hospital. (*See* ECF No. 340 at 4–5.) While medical conditions that make a prisoner more susceptible to risk of severe illness or death from COVID-19 can constitute "extraordinary and compelling reasons" for compassionate release, *see United States v. Williams*, Crim. No. PWG-19-0134, 2020 WL 3073320 (D. Md. June 10, 2020), the Court already concluded that Braxton's previously diagnosed medical conditions satisfied the first prong of the compassionate release analysis. (ECF No. 335 at 4–6.) Braxton also suggests that his successful, unaccompanied furloughs to see an outside specialist at a local hospital should change the Court analysis of the § 3553(a) factors. While the Court is heartened to see that Braxton has been able to operate unsupervised without incident, this fact alone does not change the § 3553(a) analysis. Indeed, in its prior analysis the Court had already concluded that "the Court believes that Braxton poses little danger to the public at this point." (ECF No. 335 at 8.) Confirmation of that fact does not warrant a further reduction in Braxton's sentence.

Second, Braxton argues that the Court should reduce his sentence so that it concludes on December 1, 2021, which he labels as his "Elderly Offender 2/3 release date" under 34 U.S.C. § 60541(g). (ECF No. 340 at 8.) Braxton misunderstands the nature of the pilot program countenanced by 34 U.S.C. § 60541(g) and its application to his prison sentence. This section specifies a pilot program for, *inter alios*, "[e]ligible elderly offender[s]" who must meet several qualifications. *See id.* § 60541(g)(5)(A)(i)–(vii). One of those qualifications is that an otherwise

eligible prisoner must have "served 2/3 of the term of imprisonment to which the offender was sentenced." *Id.* § 60541(g)(5)(A)(ii). Thus, December 1, 2021, is the date when Braxton will have served 2/3 of his present sentence and *may* qualify as an eligible elderly offender.

Even if Braxton qualifies as an eligible elderly offender in December of this year, he will not be released. Rather, this Section "authorize[s] the Attorney General to create a pilot program to consider the release of elderly inmates to *home detention*." *United States v. Overcash*, Crim. No. FDW-15-0263, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (emphasis added). Braxton's approaching eligibility for home confinement as an elderly offender provides the Court with no reason to reconsider its analysis of the § 3553(a) factors.[1]

The Court again acknowledges Braxton's legitimate concerns about the serious risk that COVID-19 poses to his health, especially in light of his medical conditions. Braxton's Motion to Reconsider, however, does not present new facts or legal arguments that would alter this Court's prior decision to deny his motion for compassionate release. Braxton's Motion to Reconsider (ECF No. 340) is accordingly DENIED.

DATED this 30 day of August, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] To the extent Braxton's Motion seeks to have the "court intervene to force the BOP to process his home detention under the eligible elderly offender provision," it is well established that this Court lacks the authority to do so. *See, e.g., Lopez-Diaz v. United States*, Civ. No. SVH-20-0863, 2020 WL 4588483, at *2 (D.S.C. Mar. 3, 2020).