## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-09-0478 |
| SAVINO BRAXTON, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM AND ORDER

On August 11, 2021, this Court granted in part Defendant Savino Braxton's Motion for
Compassionate Release (ECF Nos. 309, 315), and reduced Braxton's sentence to 168 months'
imprisonment. (*See* ECF No. 335.) Braxton then filed a Motion for Reconsideration (ECF No.
336), which the Court denied because Braxton did not "present new facts or legal argument that
alter the Court's carefully considered decision granting in part Braxton's earlier Motion for
Compassionate Release." (*See* ECF No. 337 at 4 (denying ECF No. 336).) Braxton then filed
another Motion for Reconsideration, styled as a Motion for Court to Nunc Pro Tunc Reevaluate
the Basis of its Previous Compassionate Release Decisions Based on Newly Developed Evidence.
(*See* ECF No. 340.) This Motion too did not "present new facts or legal arguments that would
alter this Court's prior decision" regarding compassionate release and was likewise denied. (ECF
No. 342 at 3 (denying ECF No. 340).) Braxton has now filed a third Motion for Reconsideration
(ECF No. 343) and a supplement to that Motion (ECF No. 346). This third Motion still does not
provide the Court with grounds to reconsider its original decision granting Braxton a partial
sentence reduction.

1

As this Court has previously explained in detail (*see* ECF No. 335), motions for compassionate release are governed by the framework set out in 18 U.S.C. § 3582(c)(1)(a). Under this section, a district court may modify a convicted defendant's sentence provided that two conditions are met. First, the defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.* Second, the court must "consider the factors set forth in section 3553(a) to the extent that they are applicable" and find that those factors warrant the reduction of the defendant's sentence. *Id.* Unless both of these predicates are true, the Court may not grant a moving defendant's compassionate release.

Braxton bases his most recent Motion on his multiple myeloma diagnosis, a diagnosis he acknowledges that "[t]he court has already been made well aware of" in one of his prior Motions for Reconsideration. (*See* ECF No. 343 at 1; *see also* ECF No. 342 at 2 (considering whether Braxton's multiple myeloma diagnosis warranted further relief but concluding that further relief was unwarranted).) Although the Court previously found that development not to warrant further relief because it failed to change this Court's analysis of the § 3553(a) factors (*see* ECF No. 342), Braxton urges the Court to reconsider that decision based on "new developments or discovered evidence released on national news regarding the lethal consequences of 'multiple myeloma-blood cancer' in relation to the COVID virus." (ECF No. 343 at 2.) Specifically, Braxton points out that former Secretary of State Colin Powell passed away from "COVID-19-related complications" and that "Powell reportedly had been diagnosed with multiple myeloma." (*See* ECF No. 346-1 at 1 (news article related to Colin Powell's death).) Braxton asserts that the parallels between his medical conditions and those of Colin Powell warrant reconsideration of this Court's repeated denials of further sentencing reductions. Braxton's alleged "new developments or discovered evidence" do not warrant further relief. (*See* ECF No. 343 at 2.)

2

Specifically, while Colin Powell's death certainly accentuates the Court's concerns related to the risks posed by COVID-19, the Court has already held multiple times that Braxton's medical conditions constitute "extraordinary and compelling reasons for sentence reduction." (*See* ECF No. 329.) However, this is only step one of the compassionate release framework. Braxton has not even attempted to show that the § 3553(a) factors related to his sentence have changed in a meaningful way. Absent a significant showing that the Court's original assessment of the § 3553(a) factors should change, Braxton is not entitled to any further sentence reduction.

As a final note, Braxton's Motion alleges that "since [he] has been diagnosed with multiple myeloma . . . the Bureau of Prison (BOP) here at Lewisburg Prison Camp facility, has took [sic] absolutely no steps whatsoever to assist him in dealing with his cancer experience." (ECF No. 343 at 2.) This is a serious allegation. It is also directly contrary to the evidence he presented in his prior Motion where he explained that he was "referred to an outside doctor at the Geisinger medical clinic" for his multiple myeloma diagnosis. (*See* ECF No. 340 at 4–5.) If conditions have changed and Braxton believes his cancer is not being effectively treated, he may bring a civil rights claim to remedy that problem. *See Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("[A] prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Those allegations do not, however, bear on the propriety of compassionate release.

For the foregoing reasons, Defendant Savino Braxton's Motion for Reconsideration (ECF No. 343) of this Court's partial grant of his Motion for Compassionate Release is DENIED.

3

DATED this _____ 9 _____ day of November, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

4