IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-09-0478 |
| SAVINO BRAXTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is Savino Braxton's fourth Motion for Reconsideration of this Court's prior decision granting him compassionate release and reducing his sentence from 240 to 168 months' imprisonment. (*See* ECF Nos. 335 (original Order), 349 (pending Motion).) Since initially granting Braxton's Motion for Compassionate Release, Braxton has sought reconsideration and a further sentence reduction four times. (ECF Nos. 336, 340, 343, 349.) The Court denied reconsideration on three previous occasions, concluding that Braxton provided no additional considerations that would alter this Court's prior determination that Braxton's 168-month sentence is appropriate under the factors enumerated in 18 U.S.C. § 3553(a). (ECF No. 337 at 4 ("Braxton does not present facts that would alter the Court's thorough analysis of the § 3553(a) factors, as applied to the unique facts of Braxton's case."); ECF No. 342 at 1–2 ("In the present Motion to Reconsider, Braxton does not present facts that give the Court cause to alter its prior decision."); ECF No. 348 at 1 ("This third Motion still does not provide the Court with grounds to reconsider its original decision granting Braxton a partial sentence reduction.").) Braxton's fourth such motion again fails to do so and will, accordingly, be DENIED.

In his most recent Motion, Braxton primarily argues that the Fourth Circuit's recent decision in *United States v. Spotts*, App. No. 20-6791, 2021 WL 5985035 (4th Cir. Dec. 16, 2021) (unpublished *per curiam*), warrants reconsideration of his sentence reduction. In *Spotts*, the Fourth Circuit found error in the "district [court's denial of] Spotts' compassionate-release motion on the ground that the mere possibility of contracting a virus in prison does not qualify as an extraordinary and compelling reason for compassionate release." *Id.* at *1. Specifically, the Fourth Circuit "conclude[d] that the district court abused its discretion when it denied relief without considering 'unrebutted, legally significant evidence'" that Spotts' unique vulnerability to COVID-19 was an extraordinary and compelling reason warranting compassionate release. *Id.* It therefore remanded for a more fulsome consideration of whether the evidence presented established that Spotts had presented an extraordinary and compelling reason based on his particularized medical risks. *Id.* (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)) ("[I]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility.").

*Spotts* is inapposite here where the Court has already repeatedly found (and continues to find) that Braxton's medical conditions—most notably a multiple myeloma diagnosis—*do constitute* extraordinary and compelling reasons warranting compassionate release. (*See, e.g.*, ECF No. 335 ("[T]he evidence before the Courts indicates that [Braxton] is still at a substantially elevated risk from COVID-19. . . . [C]onsidering the totality of the circumstances, the Court concludes that Braxton has presented extraordinary and compelling reasons for sentence reduction.").) The Court has also repeatedly explained that sentence reduction pursuant to compassionate release motions involve a two-step process requiring a defendant to show

2

"extraordinary and compelling reasons warrant [a sentence] reduction" *and* the Court to find that the § 3553(a) factors "warrant the reduction of the defendant's sentence." (ECF No. 348 at 2.) The second step, which *Spotts* does not address, is where Braxton's repeated requests for reconsideration have failed. So too here.

In his Motion and a subsequently filed Supplement, Braxton identifies three grounds for reconsideration of the § 3553(a) factors: his age, his release plan, and the recent closure of the Residential Drug Abuse Program ("R-DAP") at Lewisburg Satellite Prison Camp where he is incarcerated. (ECF Nos. 349 at 2–3, 350 at 1–2.) The first two arguments were already before the Court in Braxton's first Motion for Compassionate Release. (ECF No. 317 at 24 (discussing release plan).) Indeed, they contributed to the Court's initial decision to reduce Braxton's sentence from 240 to 168 months' imprisonment. (*See* ECF No. 331.) They do not, however, constitute grounds for furth reduction.

The closure of the R-DAP program is a new development, but it does not warrant a further reduction of Braxton's sentence. Braxton explains that the cessation of the R-DAP program was in response to "the recent ongoing and present[ly] uncontrollable outbreak of 'Omicron' virus here on the complex." (ECF No. 349 at 3.) It therefore seems that this closure is temporary, and the Court is optimistic that once the Omicron surge recedes and the program can be run safely, Braxton will be able to again participate in and complete the R-DAP program. The Court concludes that Braxton's apparently temporary inability to participate in that program does not constitute grounds for a further sentence reduction under the § 3553(a) factors. *See* 18 U.S.C. §3553(a)(2)(D) (requiring a court to consider whether "the sentence imposed . . . [provides] the defendant with needed . . . correctional treatment in the most effective manner").

For the foregoing reasons, Defendant Savino Braxton's Motion for Reconsideration (ECF No. 349) of this Court's partial grant of his Motion for Compassionate Release is DENIED.

DATED this 27 of January, 2022.

BY THE COURT:

James K. Bredar
Chief Judge