IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-09-0478** |
| **SAVINO BRAXTON,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is Savino Braxton's fifth Motion for Reconsideration of this Court's prior decision granting him compassionate release and reducing his sentence from 240 to 168 months' imprisonment. (ECF No. 354.) This Court's decision granting Braxton compassionate release was based on a lengthy consideration of whether Braxton's medical conditions established an extraordinary and compelling reason for his release and whether the § 3553(a) factors weigh in favor of his early release. (ECF No. 29.) The prior four motions for reconsideration, (ECF Nos. 336, 340, 343, 349), have been denied. (ECF Nos. 337, 342, 348, 351.) The Court will also deny the instant motion, as Braxton does not present any facts that give the Court cause to further reduce his sentence.

In his most recent Motion, Braxton appears to seek reconsideration based on the Bureau of Prison's ("BOP") decision not to grant him home confinement. Braxton explains the warden of his prison approved his request for home confinement and that he was provided a release date of May 3, 2022, but that the home confinement request was subsequently denied. (ECF No. 354 at 1–2.) That the BOP has rejected Braxton's requests for home confinement has no bearing on this Court's prior decision regarding compassionate release. Further, as this Court has previously

1

explained, "it is inherently within the authority of the [BOP] to transfer an inmate to home confinement under 18 U.S.C. § 3624(c)." *United States v. Moses*, Crim. No. JKB-16-0323, 2021 WL 1381093, at *1 (D. Md. Apr. 12, 2021).

In addition, Braxton indicates that his "'multiple myeloma' bone and blood cancer medical conditions ha[ve] increased to another level" and that he has a "rapidly enlarging prostate." (ECF No. 354 at 6–7.) The Court has already considered Braxton's multiple myeloma in denying prior motions for reconsideration and concluded that such diagnosis did not provide cause for the Court to further reduce Braxton's sentence. (ECF Nos. 342, 348.) Further, as the Government points out, Braxton's medical records indicate that "inmate does NOT have multiple myeloma and this should be reassuring to him." (ECF No. 361-4 at 3.) Braxton's allegation of an enlarged prostate likewise does not provide reason for the Court to further reduce his sentence. His medical records show that his provider found that "[h]e has non-suspicious prostate which gives him low probability of prostate ca. Rec 6 month follow up with PSA." (ECF No. 361-6.)[1]

In short, Braxton provides no additional evidence that alters this Court's several prior analyses. Accordingly, the Court reaffirms those prior conclusions and again declines to further reduce Braxton's sentence. Braxton's Motion for Reconsideration (ECF No. 354) is DENIED.

DATED this __14__ of July, 2022.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] Braxton alleges "medical neglect" and that "the BOP is not properly taking care of his medical problems." (ECF No. 354 at 7.) While Braxton's medical records do not suggest that BOP is neglecting his medical issues, these are serious allegations. As the Court previously explained in denying a prior motion for reconsideration, (ECF No. 348), Braxton can bring a civil rights claim if he believes that his medical conditions are not being properly treated. However, these allegations do not bear on the propriety of compassionate release.