# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO.  JKB-09-0478 |
| SAVINO BRAXTON, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is a *pro se* Motion by Savino Braxton for a "Judicial Recommendation for the Maximum Amount of Time Allowed to be Served in a Residential Re-Entry Center." (ECF No. 368.) Braxton seeks a "judicial recommendation" that he be released to a halfway house for the maximum twelve-month term allowed under the Second Chance Act, 18 U.S.C. § 3624(c)(1)[1], plus his time credits earned according to § 3632(d)(4), because "[t]he Bureau of Prison[s] continues to prolong [his] pre-release date[.]" (*Id.* ¶ 1.) In response, the Government points out that Braxton "is already at a halfway house," and that the Motion should therefore be denied as moot. (ECF No. 371.)

The Court has confirmed via a Bureau of Prisons ("BOP") Inmate Locator that, as of the date of this Order, Braxton has been released to the custody of the Residential Reentry

---

[1] Braxton cites to §3624(c)(2), which empowers the Bureau of Prisons to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." However, given that Braxton requests release to a halfway house for 12 months, the Court understands that he likely meant to cite to subsection (c)(1), which provides that "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

Management ("RRM") field office in Baltimore, Maryland.  As such, the Court cannot grant Braxton's requested relief, and the Motion is moot.

Accordingly, it is hereby ORDERED that Savino Braxton's Motion (ECF No. 368) is DENIED AS MOOT.


DATED this __12__ day of April, 2023.


BY THE COURT:


James K. Bredar
Chief Judge